UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VICTOR LAGANA,<br>    Plaintiff,<br>    v.<br>SAN MATEO COUNTY SHERIFF, et al.,<br>    Defendants. | Case No. 15-cv-04696-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

On February 2, 2016, the Court granted Plaintiff's motion for leave to file an amended complaint. Dkt. 13 at 1-2. The Court also determined that because Plaintiff was back in custody, he could not proceed with his previously-filed non-prisoner *in formal pauperis* ("IFP") application. *Id.* at 2. In order for the Court to assess whether he is entitled to proceed IFP, Plaintiff was directed to complete a new prisoner IFP application. *Id.* Plaintiff was directed to file his amended complaint and completed prisoner IFP application no later than March 18, 2016. *Id.* He was warned that the failure to do so would result in the dismissal of this action without prejudice. *Id.*

In an Order dated May 9, 2016, the Court granted Plaintiff an extension of time to file the requisite documents up to and including twenty-eight days from the date of that Order or by June 6, 2016. Dkt. 17 at 2. Again, Plaintiff was warned that the failure to do so by the June 6, 2016 deadline would result in the dismissal of this action without prejudice. *Id.* The Court added that no further extensions would be granted absent extraordinary circumstances. *Id.*

The time for Plaintiff to file his amended complaint and completed prisoner IFP application has passed, and none of these requisite documents have been filed. Nor has Plaintiff communicated with the Court since he filed a notice of change of address on April 4, 2016.[1] Dkt. 16. Taking into account the salient factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260

---

[1] The Court's May 9, 2016 Order was sent to Plaintiff at his updated address at the Maguire Correctional Facility in Redwood City, California, and it was not returned as undeliverable. *See* Dkt. 17-1 at 1.

(9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[2] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal).  Accordingly,

    IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED without prejudice.  The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

    IT IS SO ORDERED.

Dated: July 29, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

---

[2] If and when Plaintiff is prepared to pursue his claims, he may file a new civil rights action.  The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).